UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. _____

TRANSUNION RISK AND ALTERNATIVE　　　　**JURY TRIAL DEMANDED**
DATA SOLUTIONS, INC.,

    Plaintiff,

v.

SURYA CHALLA,

    Defendant.
_____/

## COMPLAINT

Plaintiff, TransUnion Risk and Alternative Data Solutions, Inc. ("TRADS"), hereby sues defendant, Surya Challa ("Challa").[1]

## PARTIES, JURISDICTION AND VENUE

1. This is an action for breach of contract, injunctive relief pursuant to Florida Statutes section 542.335 and damages in excess of $75,000.00, exclusive of interest, costs and attorneys' fees.

2. TRADS is a Delaware Corporation with its principal place of business at 555 West Adams Street, Chicago, Illinois, and is authorized to transact business in the State of Florida. TRADS' parent company, TransUnion *f/k/a* TransUnion Holding Company, Inc. ("TransUnion"), completed an initial public offering on June 25, 2015

---

[1] As reflected in the accompanying civil cover sheet and contemporaneously-filed Notice of Related Action, this action involves subject matter which is a material part of the subject matter of another action or proceeding presently pending before the Honorable Judge Marra. *See TransUnion Risk and Alternative Data Solutions, Inc. v. MacLachlan*, No. 14-cv-81485 (S.D. Fla.).

3. Challa is a former employee of TRADS and, at the time of his employment, was (and is still believed to be) a resident of Boca Raton, Florida. While employed by TRADS, Challa was a programmer and the head of TRADS' data development team responsible for, among other things, maintaining an improving TRADS' proprietary software, as well as integrating new data.

4. This action arises out of Challa's violation of his Noncompetition and Nonsolicitation Agreement with TRADS ("Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit 1**.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

6. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in Palm Beach County, Florida.

7. All conditions precedent to the filing of this action, if any, have occurred or have been excused or waived.

8. TRADS has been required to retain undersigned counsel to enforce its rights through this action and has agreed to pay its counsel a reasonable fee for those services.

## GENERAL ALLEGATIONS

A. **Challa's Employment with TRADS and Execution of the Agreement**.

9. From April 2011 through December 2013, Challa was employed by TLO, LLC ("TLO").

10. In December 2013, TRADS purchased substantially all of the assets of TLO, including TLOxp® (TLO's core product, as discussed below), for one hundred fifty-four million dollars ($154,000,000.00) in connection with bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Florida.

STROOCK & STROOCK & LAVAN LLP • MIAMI • NEW YORK • LOS ANGELES • WASHINGTON, DC
200 SOUTH BISCAYNE BOULEVARD, MIAMI, FL 33131-5323 TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

LA 51900656

11. On December 18, 2013, Challa accepted TRADS' offer of employment, signing an offer letter that, among other things, substituted TRADS and its affiliates for TLO and TLO's affiliates under Challa's prior noncompetition agreement with TLO ("Offer Letter"). (A true and correct letter of Challa's Offer Letter is attached hereto as **Exhibit 2**).[2]

12. Challa was hired at a base annual salary of $157,570.92, received a "Welcome Bonus" of $1,000.00, and was eligible for a potential retention bonus of $63,000.00 if Challa remained continuously employed by TRADS through December 31, 2015.

13. In March of 2014, TRADS offered the TLO legacy employees, such as Challa, the opportunity to enter into a new non-compete: one which was shorter in duration and narrower in geographic scope.

14. Thereafter, on March 14, 2014, Challa executed the Agreement, which superseded the Prior Non-Compete. Paragraph 2 of the Agreement provides, in pertinent part:

Beginning on the Effective Date and ending one (1) year after the end or termination of Individual's employment, Individual will not directly or indirectly, either as owner, principal, agent, employee, employer, stockholder, co-partner, or consultant, or in any other individual or representative capacity:

(a) engage in a business or activity that is the same as or similar to any Business conducted by the Company during Individual's employment by the Company; [or]

(b) enter into any employment or business relationship with any person or entity

---

[2] On April 4, 2011, Challa had entered into a Confidentiality, Nondisclosure, Nonsolicitation and Nondisclosure Agreement with TLO and its related companies whereby Challa agreed to be bound by a two (2) year non-compete provision ("Prior Non-Compete"). (A true and correct copy of the Prior Non-Compete is attached hereto as **Exhibit 3**). Coincidentally, the Prior Non-Compete was executed on behalf of TLO by Daniel MacLachlan – TLO's prior Chief Financial Officer, and TRADS' Director of Finance – who as outlined below has been enjoined by the Court (*infra*, pp. 6-7, *TransUnion Risk and Alternative Data Solutions, Inc. v. MacLachlan*, No. 14-cv-81485 (S.D. Fla.) [D.E. 25] ) and is presently the subject of a Motion for Civil Contempt for violating Judge Marra's February 10, 2015 preliminary injunction order. [*Id.* at D.E. 55].

STROOCK & STROOCK & LAVAN LLP • MIAMI • NEW YORK • LOS ANGELES • WASHINGTON, DC
200 SOUTH BISCAYNE BOULEVARD, MIAMI, FL 33131-5323 TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

LA 51900656

>that engages in a Business that is the same as or similar to any Business conducted by the Company during Individual's employment by the Company, including, without limitation, . . . *Interactive Data LLC*[.]

(Ex. 1 at ¶ 2 (emphasis added)).

**B.     The Data Fusion Business and TRADS' Business Operations.**

15.     TRADS offers market-leading risk management solutions by providing location and authentication solutions for various industries, including collections, attorneys and law firms, licensed investigators, financial services, insurance, corporate risk fraud and security, investigative reporters, law enforcement, government and repossessions.

16.     Through a process known as "data fusion," TLOxp®, uses proprietary linking and assessment algorithms, an online interface and secure API connections to provide information that can be used for identity authentication, fraud prevention and detection, legislative compliance, and debt recovery.  In simple terms, TRADS uses proprietary software to link specific information to specific individuals.

17.     TLOxp® is used by the largest global corporations, major financial institutions, insurance carriers and tens of thousands of law enforcement agencies to investigate and research people, locations and companies for due diligence, risk assessment, fraud detection and identity authentication.

18.     TRADS has approximately 25,000 clients in all 50 states of the United States and is among the top competitors in the risk management industry.

19.     The industry, however, is fiercely competitive. TRADS' direct competitors that offer similar services include Interactive (and, now, its new parent and affiliates, The Best One,

Page | 4

STROOCK & STROOCK & LAVAN LLP • MIAMI • NEW YORK • LOS ANGELES • WASHINGTON, DC
200 SOUTH BISCAYNE BOULEVARD, MIAMI, FL 33131-5323 TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

LA 51900656

Inc ("TBO") and Tiger Media, Inc. ("Tiger Media")),[3] LexisNexis, Reed Elsevier, Thomson-Reuters Corporation, IRBsearch, Tracers Information Specialists Inc., LocatePLUS, Masterfiles Inc., Equifax Inc., Experian Information Solutions Inc, MicroBilt Corporation, CBCInnovis, eBureau, Verisk Analytics Inc. and Dun & Bradstreet.  (*See* Ex. 1 ¶ 2(b)).

C. **Challa's Access to TRADS' Confidential and Proprietary Information**.

20. At TRADS, Challa managed and was the technical lead for TRADS' Data Development team, which consisted of approximately seven employees.  In that capacity, Challa had extensive access to TRADS' confidential business information.  Specifically, Challa had access to the design, functionality and inner workings of TRADS' proprietary technology, including its proprietary linking and assessment algorithms, programs, processes, object code, source code, software, and computer hardware.

21. Challa also had knowledge of the strengths and weaknesses of TRADS' proprietary technology.  Indeed, part of Challa's responsibilities was to provide technical support and direction to TRADS' Data Development team.  Furthermore, Challa had access to TRADS' data list, including vendors' names and associated costs, as well as knowledge of TRADS' future plans to integrate new sources of data to enhance its products.

22. The foregoing confidential and proprietary business information is not shared outside TRADS.  This information retains its value over an extended time, as reflected not only in the Agreement's one-year commitment but TRADS' offer of a $63,000.00 retention bonus if Challa continuously remained employed with the company through the end of 2015.  Challa expressly acknowledged the confidential nature of the information in which he had access to and

---

[3] TBO acquired Interactive on October 2, 2014, and Tiger Media subsequently merged with TBO and Interactive.

STROOCK & STROOCK & LAVAN LLP • MIAMI • NEW YORK • LOS ANGELES • WASHINGTON, DC
200 SOUTH BISCAYNE BOULEVARD, MIAMI, FL 33131-5323 TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

LA 51900656

was responsible for maintaining. (*See* Ex. 1 at ¶ 1(b) (providing that "Confidential Information" includes, among other things, "all information relating to any business plans ... programs, processes, algorithms, object code, source code, software, computer hardware, ideas, concepts, inventions, . . . [and] present or future products")).

**D.     Challa's Resignation and Breach of the Agreement.**

23.     Challa voluntarily resigned from TRADS on December 5, 2014. His resignation followed that of TRADS' former Senior Vice President Sales & Business, James Reilly ("Reilly"), who resigned from TRADS on September 26, 2014, and TRADS' former Chief Financial Officer ("CFO") and Director of Finance, Daniel MacLachlan ("MacLachlan"), who resigned from TRADS on October 3, 2014.

24.     At the time of his resignation, Reilly repeatedly stated that he was going to work for a venture capital firm / private equity fund looking to acquire emerging business, but that he did not expect any of the acquired businesses to be competitors of TRADS. In October 2014, TRADS became aware that Reilly did *not* go to work for a venture capital firm or private equity fund, but that he had instead accepted the dual position of President and Chief Operating Officer of Interactive and its parent company, TBO.

25.     For his part, MacLachlan steadfastly refused to answer where he would be working and whether his new employer would be a competitor of TRADS. TRADS learned in November 2014 that MacLachlan went to work for the TBO as its CFO.[4]

---

[4] Although MacLachlan offered sworn testimony to this Court that TBO is not engaged in the data fusion business, this Court was "not persuaded" by MacLachlan's testimony and held that TBO is indeed a competitor in the data fusion industry. *See TransUnion Risk and Alternative Data Solutions, Inc. v. MacLachlan*, No. 14-cv-81485 (S.D. Fla.) [D.E. 25 at 8] ("That Interactive's parent company, TBO, is creating a new data fusion product potentially sold

STROOCK & STROOCK & LAVAN LLP • MIAMI • NEW YORK • LOS ANGELES • WASHINGTON, DC
200 SOUTH BISCAYNE BOULEVARD, MIAMI, FL 33131-5323 TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

LA 51900656

26.     At the time of his resignation, Challa stated that he was going to move to New York to accept a position at "Bloomberg" (presumably a reference to Bloomberg L.P., a privately held financial software, data and media company headquartered in New York City). However, in July 2015, TRADS became aware that Challa had *not* gone to work in New York, but that he had instead accepted a position at Interactive in Boca Raton, Florida.

27.     In doing so, Challa joined: (1) Reilly, who violated his non-compete agreement by becoming Interactive's President and Chief Operating Officer; (2) MacLachlan, who violated his non-compete agreement – which is substantively *identical* to Challa's Agreement – by becoming TBO's CFO; and (3) David Dubner, Esq., TLO's former General Counsel, now Interactive's Chief Executive Officer.

28.     Collectively, Dubner, Reilly, MacLachlan and Challa have together – and potentially with other former TLO/TRADS' employees – plotted to unfairly compete against TRADS, parlaying their extensive knowledge of TRADS' proprietary technology and confidential business information into senior positions with Interactive.  This conduct is unlawful, violates TRADS' contractual rights and necessitates the entry of injunctive relief.

29.     Indeed, on February 10, 2015, after a full-day evidentiary hearing, the Honorable Kenneth A. Marra entered an order *granting* TRADS' Motion for Preliminary Injunction against MacLachlan. *See TransUnion Risk and Alternative Data Solutions, Inc. v. MacLachlan*, No. 14-cv-81485 (S.D. Fla.) [D.E. 25].

30.     Interactive is a direct competitor of TRADS.  Like TRADS, Interactive markets itself as a business that provides location and authentication solutions to various industries,

---

through Interactive belies Defendant's contention that TBO does not engage in, or is not about to engage in, the data services industry alongside TRADS.").

STROOCK & STROOCK & LAVAN LLP • MIAMI • NEW YORK • LOS ANGELES • WASHINGTON, DC
200 SOUTH BISCAYNE BOULEVARD, MIAMI, FL 33131-5323 TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

LA 51900656

including credit and collections, financial services, legal services and private investigators, among others. *See* www.ididata.com. For this reason, Interactive was expressly identified as a direct competitor of TRADS in the non-competition provision in the Agreement. (*See* Ex. 1 at ¶ 2(b).)

31.  Tiger Media, a publicly-traded company that recently acquired Interactive and TBO, similarly identifies TRADS as a direct competitor. In a Proxy Statement filed with the U.S. Securities and Exchange Commission ("SEC") on February 13, 2015, Tiger Media specifically identified TransUnion (TRADS' parent company) as a "principal" competitor and announced its plans to launch new data products to compete against TRADS:

> Historically, Interactive Data has provided data solutions and services to the Accounts Receivable Management industry for location and identity verification, legislative compliance and debt recovery. Now, Interactive Data is targeting the entirety of the risk management market.

(Tiger Media's February 13, 2015 Proxy Statement at 14-15, true and correct copies of the cited excerpts are attached hereto as **Exhibit 4**).[5]

32.  The sharing of TRADS' confidential and proprietary information with a direct competitor such as Interactive, TBO and/or Tiger Media would put TRADS at a severe competitive disadvantage.

33.  For example, Challa had extensive knowledge of how TRADS uses its proprietary technology to integrate the data it acquires from confidential third-party vendors into the products it offers to the market. Challa also knows the sources of TRADS' data, as well as the manner in which TRADS' integrates and utilizes the data in offering specific and products and

---

[5]  Tiger Media's entire February 13, 2015 Proxy Statement is available at: https://www.sec.gov/Archives/edgar/data/1460329/000119312515050433/d867601dex991.htm.

Page | 8

STROOCK & STROOCK & LAVAN LLP • MIAMI • NEW YORK • LOS ANGELES • WASHINGTON, DC
200 SOUTH BISCAYNE BOULEVARD, MIAMI, FL 33131-5323 TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

LA 51900656

solutions to its clients. As a direct competitor, Interactive can – and likely already has – exploited Challa's knowledge to focus its research, development and marketing efforts and to develop/improve competitive products.

34. Interactive's use of Challa's extensive knowledge of TRADS' confidential and proprietary business information would result in increased competition for both new and existing clients.

## COUNT I
### (Breach of Contract)

35. TRADS re-alleges and incorporates the allegations of paragraphs 1-34 above as if fully set forth herein.

36. The Agreement is a valid and enforceable contract between TRADS and Challa.

37. Challa breached the non-competition provision in the Agreement by entering into a business relationship with Interactive (and/or Interactive's parent, related companies or affiliates), a direct competitor of TRADS engaged in the same or a substantially similar business.

38. As a direct and proximate result of Challa's breach of the Agreement, TRADS has sustained and will continue to sustain damages. As discussed above, Challa managed TRADS' Data Development team and had extensive access to TRADS' proprietary technology, including its proprietary linking and assessment algorithms. Challa also had knowledge of TRADS' future plans to integrate new sources of data to enhance its products. Challa's use of the information that he learned from TRADS for the benefit of a direct competitor places TRADS at a severe competitive disadvantage for which there is no adequate legal remedy.

39. Pursuant to Paragraph 4 of the Agreement, Challa acknowledged and agreed that "a breach or threatened breach of the Agreement would cause or threaten irreparable harm to the

STROOCK & STROOCK & LAVAN LLP • MIAMI • NEW YORK • LOS ANGELES • WASHINGTON, DC
200 SOUTH BISCAYNE BOULEVARD, MIAMI, FL 33131-5323 TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

LA 51900656

Company . . . for which there is no adequate remedy at law" and that TRADS "will be entitled to a temporary, preliminary, and/or permanent injunction ... to prevent the breach of such provisions [ ] and to specifically enforce the terms and provisions of this Agreement."

40.  TRADS retained the law firm of Stroock & Stroock & Lavan LLP to represent it in this action and is obligated to pay a reasonable fee for its services.  Pursuant to Paragraph 13 of the Agreement, TRADS is entitled to recover its attorneys' fees incurred in connection with this action.

**WHEREFORE**, TRADS demands the following:

A.  A preliminary injunction, pending final adjudication and permanent relief, enjoining Challa for a period of one (1) year from: (i) engaging in a business or activity that is the same as or similar to any business conducted by TRADS during Challa's employment by TRADS; and (ii) entering into any employment or business relationship with any person or entity that engages in a business that is the same as or similar to any business conducted by TRADS during Challa's employment by TRADS;

B.  A preliminary injunction, pending final adjudication and permanent relief, enjoining Challa for a period of one (1) year from further employment or association with Interactive or any affiliate or investor thereof, that is controlled by Interactive or controls or performs management services for Interactive;

C.  Judgment against Challa for damages, including pre-judgment and post-judgment interest;

D.  An award of TRADS' reasonable attorneys' fees and costs pursuant to Paragraph 13 of the Agreement; and

E.  An award of such other and further relief, interim or permanent, as the Court

STROOCK & STROOCK & LAVAN LLP · MIAMI · NEW YORK · LOS ANGELES · WASHINGTON, DC
200 SOUTH BISCAYNE BOULEVARD, MIAMI, FL 33131-5323 TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

LA 51900656

deems just and proper.

## COUNT II
### (Preliminary and Permanent Injunction Pursuant to Fla. Stat. § 542.335)

41.  TRADS re-alleges and incorporates the allegations of paragraphs 1-34 above as if fully set forth herein.

42.  Section 542.335(j), Florida Statutes, provides, in pertinent part, that "[a] court shall enforce a restrictive covenant by any appropriate and effective remedy, including, but not limited to, temporary and permanent injunctions."

43.  The Agreement entered into between TRADS and Challa contains a non-competition clause that Challa agreed to as a condition of his employment.

44.  The non-competition clause set forth in the Agreement is reasonable as to time, geographical area and scope of activity to be restrained.

45.  The enforcement of the Agreement through the issuance of an injunction is reasonably necessary to protect TRADS' legitimate business interests.

46.  TRADS is without an adequate remedy at law to address the substantial harm caused and threatened by Challa's actions described herein.

47.  Absent specific enforcement of the Agreement by means of an injunction, TRADS will suffer irreparable harm.

48.  The public interest will be served by enforcement of the Agreement and the entry of an injunction consistent with the Agreement because enforcement of a valid restrictive covenant encourages parties to adhere to contractual obligations.

49.  TRADS retained the law firm of Stroock & Stroock & Lavan LLP to represent it in this action and is obligated to pay a reasonable fee for its services.  Pursuant to Florida

STROOCK & STROOCK & LAVAN LLP • MIAMI • NEW YORK • LOS ANGELES • WASHINGTON, DC
200 SOUTH BISCAYNE BOULEVARD, MIAMI, FL 33131-5323 TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

LA 51900656

Statutes section 542.335(1)(k), TRADS is entitled to recover its attorneys' fees incurred in connection with this action.

**WHEREFORE**, TRADS hereby demands the following:

A. A preliminary injunction, pending final adjudication and permanent relief, enjoining Challa for a period of one (1) year from: (i) engaging in a business or activity that is the same as or similar to any business conducted by TRADS during Challa's employment by TRADS; and (ii) entering into any employment or business relationship with any person or entity that engages in a business that is the same as or similar to any business conducted by TRADS during Challa's employment by TRADS;

B. A preliminary injunction, pending final adjudication and permanent relief, enjoining Challa for a period of one (1) year from further employment or association with Interactive or any affiliate or investor thereof, that is controlled by Interactive or controls or performs management services for Interactive;

C. Judgment against Challa for damages, including pre-judgment and post-judgment interest;

D. An award of TRADS' reasonable attorneys' fees and costs under Florida Statutes section 542.335(1)(k); and

E. An award of such other and further relief, interim or permanent, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, TRADS demands a trial by jury in this action of all issues so triable.

STROOCK & STROOCK & LAVAN LLP • MIAMI • NEW YORK • LOS ANGELES • WASHINGTON, DC
200 SOUTH BISCAYNE BOULEVARD, MIAMI, FL 33131-5323 TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

LA 51900656

Dated:  July 28, 2015

Respectfully submitted,

By:  /s/ James G. Sammataro
James G. Sammataro, Esq.
Florida Bar No. 520292
Brendan S. Everman, Esq.
Florida Bar No. 68702
**STROOCK & STROOCK & LAVAN LLP**
*Attorneys for plaintiff TransUnion Risk and Alternative Data Solutions, Inc.*
200 South Biscayne Blvd., Suite 3100
Miami, Florida  33131
Telephone:  (305) 358-9900
Facsimile:  (305) 789-9302
Email: jsammataro@stroock.com;
       beverman@stroock.com;
       lacalendar@stroock.com

STROOCK & STROOCK & LAVAN LLP • MIAMI • NEW YORK • LOS ANGELES • WASHINGTON, DC
200 SOUTH BISCAYNE BOULEVARD, MIAMI, FL 33131-5323 TEL 305.358.9900 FAX 305.789.9302 WWW.STROOCK.COM

LA 51900656