**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:15-CV-81049-ROSENBERG/HOPKINS**

TRANSUNION RISK AND ALTERNATIVE
DATA SOLUTIONS, INC.,

Plaintiff,

v.

SURYA CHALLA,

Defendant,

_____________________________________________/

**ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW JURY DEMAND AND PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S JURY DEMAND**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Withdraw Jury Demand [DE 43] and Plaintiff's Motion to Strike Defendant's Jury Demand [DE 47]. The Court has reviewed both Motions, and the parties' respective Responses in opposition thereto and Replies in support thereof, and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's Motions are both **GRANTED**. This case will be tried before the Court.[1]

## I. INTRODUCTION

On July 28, 2015, Plaintiff TransUnion Risk and Alternative Data Solutions, Inc. ("TRADS") filed a two-count Complaint [DE 1] against Defendant Surya Challa ("Challa"), a former TRADS employee. In its Complaint, TRADS seeks monetary damages and injunctive relief in connection with Challa's alleged violation of a Noncompetition and Nonsolicitation Agreement (the "Agreement") entered into by the parties on March 14, 2014. *See* DE 1. A copy of the Agreement is attached to the Complaint. *See* DE 1-3. Paragraph 6 of the Agreement is a

[1] This case remains set for trial during the two-week trial period commencing November 7, 2016. All pretrial deadlines remain in effect. *See* DE 32.

mutual jury waiver clause, which reads as follows:

> 6. Waiver of Jury Trial. **EACH PARTY HERETO HEREBY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT TO ANY SUIT, ACTION OR PROCEEDING DIRECTLY OR INDIRECTLY ARISING OUT OF, UNDER, OR IN CONNECTION WITH, THIS AGREEMENT.**

Despite this waiver of the right to a jury trial in any action arising out of the Agreement, TRADS demanded a trial by jury when it filed its Complaint. The phrase "**JURY TRIAL DEMANDED**" appears in capital letters and bold font at the top of the Complaint. *See* DE 1 at 1. The Complaint concludes, under the heading "**DEMAND FOR JURY TRIAL**," with the following language: "Pursuant to Federal Rule of Civil Procedure 38, TRADS demands a trial by jury in this action of all issues so triable." *See id.* at 12. Finally, on the Civil Cover Sheet filed concurrently with the Complaint, TRADS checked a box indicating that the Complaint included a jury demand. *See* DE 1-1.

On October 9, 2015, TRADS filed a Motion to Withdraw Jury Demand [DE 43], asserting that it had mistakenly demanded a trial by jury. At the time that Motion was filed, Challa had not yet answered Plaintiff's Complaint. Later that same day, however, Challa filed his Answer, Affirmative Defenses, and Demand for Jury Trial [DE 44]. On October 19, 2015, TRADS filed its Motion to Strike Defendant's Jury Demand [DE 47]. Both Motions are now fully briefed and ripe for review.

## II. DISCUSSION

TRADS argues that this case must be tried before the Court—despite the fact that both parties have (intentionally or not) demanded a trial by jury—in light of the mutual jury waiver clause at paragraph 6 of the Agreement. Specifically, TRADS argues (1) that the waiver, made

knowingly and voluntarily, is a mutually beneficial, bargained-for term of the Agreement between the parties, and (2) that no prejudice will result from enforcing the waiver. In response, Challa argues that TRADS has waived its contractual right to a trial before the Court by demanding a trial by jury in this case and in two other cases.[2]

As an initial matter, the Court finds that paragraph 6 of the Agreement is a valid waiver of the right of either party to a trial by jury in this case. "A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006) (citing *Brookhart v. Janis*, 384 U.S. 1, 4–5 (1966)). While Challa does not argue that the waiver at issue was not made knowingly and voluntarily, the Court notes the visual prominence of the jury waiver clause, the only clause in the entire Agreement printed in all capital letters and bold font. *See* DE 1-3. Likewise, while Challa does not argue that this case falls outside the scope of the jury waiver clause, the Court concludes that the language of the clause is broad enough to include all claims raised in this case.

Despite this valid waiver, Challa argues that TRADS has waived its contractual right to a trial before the Court by acting inconsistently with that right. The Court disagrees. Although TRADS filed a Complaint that, on its face, clearly demands a trial by jury, TRADS asserts that this demand was mistakenly made, and there is nothing in the record to suggest otherwise. Contrary to Challa's assertion, the fact that TRADS demanded trials by jury in two *other* cases does not establish that TRADS intended to demand a trial by jury in *this* case. The Court also notes that TRADS moved to withdraw its demand for a trial by jury within a relatively short

[2] Challa does not argue that this case falls outside the scope of the jury waiver clause, that the waiver was not made knowingly and voluntarily, or that the waiver is otherwise invalid.

period of time after filing its Complaint, before Challa filed a responsive pleading or motion directed to the Complaint, and over a year before the scheduled trial date in this case. Such behavior is consistent with the contractual right to a trial before the Court and suggests that TRADS did not intend to waive that right.

The jury waiver clause contained in the Agreement is a mutual, bargained-for term by which both TRADS and Challa are bound. That fact remains unchanged by TRADS' inadvertent demand for a trial by jury. Challa has not argued, and the Court cannot find, that any prejudice will result from adherence to the jury waiver clause, particularly in light of the fact that nearly a year remains before trial is scheduled to begin. Accordingly, the Court concludes that the proper course is to try this case before the Court pursuant to paragraph 6 of the Agreement. *See, e.g.*, *Beal Bank USA v. Karp*, No. 08-22519-CIV-SCOLA, 2014 WL 3763949, at *1 (S.D. Fla. July 30, 2014).

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Withdraw Jury Demand [DE 43] and Plaintiff's Motion to Strike Defendant's Jury Demand [DE 47] are **GRANTED**. Plaintiff's demand for trial by jury is **WITHDRAWN**. Defendant's demand for trial by jury is **STRICKEN**. This case will be tried before the Court.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 10th day of December, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record